LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs
and the Class*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

---

FREDDY GUACHON,
*on behalf of himself,
FLSA Collective Plaintiffs
and the Class,*

          Plaintiff,

          v.

RBT RESTAURANT LLC
    d/b/a MAIELLA,
ROBERT BRISKIN, and
TOMMY DEMARAS,

          Defendants.

---

Case No:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

      Plaintiff, FREDDY GUACHON ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, RBT RESTAURANT LLC d/b/a MAIELLA (the "Corporate Defendant"), ROBERT BRISKIN and TOMMY DEMARAS (the "Individual Defendants," and collectively with the Corporate Defendants, the "Defendants") and states as follows:

1

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) compensation for unpaid off-the-clock work, including unpaid overtime premium, due to time shaving, (2) liquidated damages, and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wages, including those resulting from Defendants' unlawful deduction of a tip credit, (2) compensation for unpaid off-the-clock work, including unpaid overtime premium, due to time shaving, (3) unpaid spread of hours premium, (4) an award equal to all surcharges illegally retained by Defendants (5) statutory penalties, (6) liquidated damages and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, FREDDY GUACHON, for all relevant time periods, was a resident of Queens County, New York.

6. Corporate Defendant, RBT RESTAURANT LLC d/b/a MAIELLA, is a domestic business corporation organized under the laws of New York, with a principal place of business and address for service of process located at 46-10 Center Blvd. Long Island City, NY, 11109.

10. Individual Defendant, ROBERT BRISKIN is an owner of RBT RESTAURANT LLC d/b/a MAIELLA. Defendant ROBERT BRISKIN exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. ROBERT BRISKIN frequently visited MAIELLA. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to ROBERT BRISKIN directly regarding any of the terms of their employment, and ROBERT BRISKIN had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.

11. Individual Defendant, TOMMY DEMARAS is an owner of RBT RESTAURANT LLC d/b/a MAIELLA. Defendant TOMMY DEMARAS exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. TOMMY DEMARAS frequently visited MAIELLA. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to TOMMY DEMARAS directly regarding any of the terms of their employment, and TOMMY DEMARAS had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule,

compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.

12. At all relevant times, RBT RESTAURANT LLC d/b/a MAIELLA was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

13. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees, including but not limited to waiters, busboys, runners, servers, food preparers, dishwashers, bartenders and bar-backs employed by Defendants on or after the date that is six years before the filing of the Complaint ("FLSA Collective Plaintiffs").

15. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them overtime premium at one and one half times their straight time base hourly rates for each hour worked in excess of forty (40) per workweek due to a policy of time shaving. Plaintiff's claims stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

16. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this

4

action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

17. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former non-exempt employees, including but not limited to waiters, busboys, runners, servers, food preparers, dishwashers, bartenders, delivery persons and bar-backs employed by Defendants on or after the date that is six years before the filing of the Complaint (the "Class Period").

18. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

19. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees comprised of waiters, servers, runners, delivery persons and busboys ("Tipped Subclass") who also number more than forty (40). Plaintiff is a member of both the Class and the Tipped Subclass.

20. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, including (i) failing to pay overtime premium due to a policy of time shaving, (ii) failing to pay spread of hours premium, (iii) failing to provide wage statements in compliance with the New York Labor Law, and (iv) failing to provide wage and hour notices upon hiring and as required thereafter, pursuant to the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

21. Furthermore, a subclass of all Class Members who were tipped employees also suffered as a result of Defendants' failure to pay them the proper minimum wage, Defendants' unlawful withholding of gratuities through an invalid tip pooling scheme, and Defendants' unlawful misappropriation of the tips that they earned. Plaintiff and the Tipped Subclass members were subjected to Defendants' policy and practice of deducting a tip credit despite Defendants' failure to observe requirements of the NYLL. In violation of the NYLL, Defendants (i) failed to provide notice that a tip credit was being claimed, (ii) failed to record the tip credit allowance taken on periodic wage statements given to Plaintiff and Tipped Subclass members, (iii) required Plaintiff and Tipped Subclass members to spend two (2) hours, or twenty percent (20%) of each shift engaged in non-tipped activities, (iv) allowed management to retain gratuities without providing notice to customers that management was retaining such fees, and (v) implemented an invalid tip-pooling scheme not agreed upon by tipped employees, whereby

Plaintiff and Tipped Subclass Members were required to share tips earned with non-tipped employees.

22. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

23. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not

parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

24. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

25. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

    b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

    c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

    d) Whether Defendants properly notified Plaintiff and the Class members of their hourly rate and overtime rate;

    e) Whether Defendants properly provided notice to members of the Tipped Subclass that Defendants were taking a tip credit;

f) Whether Defendants retained service charges without providing notice to customers that management was sharing a portion of the service charges;

g) Whether Defendants provided proper wage statements informing the Tipped Subclass members of the amount of tip credit taken for each payment period, their proper overtime rate of compensation and other information required to be provided on wage statements, as required under the New York Labor Law;

h) Whether Defendants established the tip payment structure for the Tipped Subclass members;

i) Whether Defendants mandated an unlawful tip-pooling scheme whereby Plaintiff and Class members were required to share tips earned with non-tipped employees;

j) Whether Defendants took the proper amount of tip credit allowance under the New York Labor Law;

k) Whether Defendants required Tipped Subclass members to perform non-tipped duties exceeding twenty percent (20%) of each workday;

l) Whether Defendants established the tip payment structure for Class members without the agreement or consent of the Class members;

l) Whether Defendants provided to Plaintiff and Class members proper wage and hour notices at date of hiring, per requirements of the New York Labor Law;

m) Whether Defendants provided to Plaintiff and Class members proper wage statements with each payment of wages as required by New York Labor Law;

n) Whether Defendants paid Plaintiff and Class members overtime premium at one and one half times their straight time base hourly rates for all hours worked in excess of forty (40) each workweek;

o) Whether Defendants required Plaintiff and Class members to perform unpaid off-the-clock work;

p) Whether Defendants paid the "spread of hours" premium owed to Plaintiff and Class members working more than ten hours per day as required by New York Labor Law; and

q) Whether Defendants paid Plaintiff and Tipped Subclass members the state minimum wage for all hours worked.

## STATEMENT OF FACTS

26. In or around April 29, 2018, Plaintiff FREDDY GUACHON was hired by Defendants to work as a server for Defendant's restaurant located at 46-10 Center Blvd., Long Island City, NY, 11109. Plaintiff's employment by Defendants terminated on July 29, 2019.

27. During his employment by Defendants, Plaintiff worked over forty (40) hours per week.

28. Specifically, Plaintiff worked two (2) days per week, Mondays and Thursdays, for seven (7) hours per day, from 4:00 P.M. to 11:00 P.M., two (2) days per week, Saturdays and Sundays, for fourteen (14) hours per day, from 10:00 A.M. to 12:00 A.M., and one (1) day per week, Fridays, for eight (8) hours, from 4:00 P.M. to 12:00 A.M., for a total of fifty (50) hours per week.

29. Plaintiff and other employees were expected to be clocked out, but expected to keep working, for ten (10) hours per week. Plaintiff and other employees were not paid for this off the clock work.

30. From the start of Plaintiff's employment until December 31, 2018, Plaintiff GUACHON received a base hourly rate of $8.65. From January 1, 2019 to the termination of Plaintiff's employment, Plaintiff received a base hourly rate of $10. Other tipped employees received similar pay rates.

31. At all relevant times, Plaintiff worked a total of more than forty (40) hours each workweek. However, Defendants did not pay him all of his overtime premium for those hours he worked in excess of forty (40) each workweek, due to a policy of time shaving. Similarly, FLSA Collective Plaintiffs and Class Members were not paid all of their overtime premium for hours that they worked in excess of forty (40) each workweek.

32. During Plaintiff's employment by Defendants, Defendants compensated Plaintiff at a "tip credit" minimum wage, which was at all relevant times below the New York State minimum wages. Similarly, Tipped Subclass members were paid at sub-minimum wage "tip credit" base hourly rates. However, because Defendants failed to fulfill all requirements for a tip credit, all tip credits taken were invalid.

33. Plaintiff and Tipped Subclass members did not receive notice that Defendants were claiming a tip credit on tipped employees' compensation. They were never informed that Defendants were claiming a tip credit allowance.

34. Plaintiff and Tipped Subclass members were required by Defendants and the Maiella management to participate in an invalid "tip pooling" scheme. Plaintiff and Tipped Subclass Members never agreed to their individual tip allocation percentage, which was assigned

11

by management without the mutual consent of tipped employees. Rather, Plaintiff and Tipped Subclass members were required to follow the tip payment structure instituted by Defendants. Under Defendants' scheme, "resetters" who were not tipped employees took from the tip pool.

35. Plaintiff and Tipped Subclass members were required to spend more than 20% of their working time, or more than two (2) hours per shift engaged in non-tipped activities. Specifically, Plaintiff, FLSA Collective Plaintiffs, and Tipped Subclass members were required to clean the restaurant's windows and bathrooms, set up the dining area, polish the glass and silverware, and perform the barista's non-tipped work, for more than 20% of their working time, or more than two (2) hours per shift.

36. At all relevant times to this action, Defendants imposed and collected surcharge of 4% of the total private event bill to its customers. The 4% surcharge was reflected as "admin fee" on the invoices provided to the customers.

37. At all relevant times to this action, the invoices levied an 4% mandatory surcharge. The invoices contained no further explanation of these charges.

38. Plaintiff and other tipped employees were required to share the mandatory surcharge with management. The management retained 100% of the mandatory surcharge and the tipped employees retained 0% of the mandatory surcharge. Prospective customers did not receive any notice that management would retain the mandatory surcharge, and accordingly, believed the surcharge to in fact be a tip.

39. Defendants failed to provide customers with an explicit written statement that the admin charge or surcharge was not a gratuity to be retained entirely by the waiters. Defendants' notice of the mandatory surcharge was inadequate to satisfy the requirements of Samiento v. World Yacht Inc., 10 N.Y.3d 70 (2008).

40. The 4% admin fee surcharge is a gratuity under the meaning of § 196-d of the New York Labor Law. In New York, "[n]o employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee." § NYLL 196-d.

41. Defendants never provided Plaintiff with wage notices, as required by the NYLL. Similarly, FLSA Collective Plaintiffs and Class Members were never provided with any wage notices.

42. Defendants did not provide Plaintiff with proper wage statements at all relevant times. Class members also received defective wage statements that did not comply with the NYLL.

43. Plaintiff, FLSA Collective Plaintiffs, and Class members were required by Defendants to perform unpaid off-the-clock work, resulting in unpaid wages and overtime premium.

44. At no time during the relevant time periods did Defendants provide Plaintiff or Tipped Subclass Class members with wage notices or proper wage statements as required by NYLL. Defendants also failed to disclose the hourly rate of tip credit taken, or the amount of tip credit claimed in each pay period on the wage statements provided to Tipped Subclass Members.

45. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

46. Plaintiff realleges and reavers Paragraphs 1 through 45 of this class and collective action Complaint as if fully set forth herein.

47. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

48. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

49. At all relevant times, RBT RESTAURANT LLC had gross annual revenues in excess of $500,000.00.

50. At all relevant times, Defendants engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for all of their hours worked in excess of forty (40) hours per workweek, due to a policy of time shaving.

51. Records concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain all records

by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

52. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

53. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

54. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages, unpaid overtime premium, and an equal amount as liquidated damages.

55. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFF AND CLASS MEMBERS

56. Plaintiff realleges and reavers Paragraphs 1 through 55 of this class and collective action Complaint as if fully set forth herein.

57. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

58. Defendants willfully violated Plaintiff and Class members' rights by failing to pay them minimum wages in the lawful amount for hours worked. As factually described above, Defendants were not entitled to claim any tip credits under NYLL with respect to the Tipped

15

Subclass.

59. Defendants willfully violated Plaintiff and Class members' rights by refusing to compensate them for off-the-clock hours during which they were required to work, including overtime hours.

60. Defendants willfully violated Plaintiff and Class members' rights by failing to pay them spread of hours premiums required by state law.

61. Defendants unlawfully misappropriated tips from Plaintiff and the Tipped Subclass by implementing and mandating a tip-pooling scheme without the consent and approval of Plaintiff and the Tipped Subclass, whereby non-tipped employees were permitted to take from the tip pool.

62. Defendants unlawfully demanded and retained gratuities and "charges purported to be gratuities" from Plaintiff and Class members, in violation of the New York Labor Law. N.Y. Lab. Law § 196-d.

63. Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

64. Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

65. Defendants failed to provide proper wage statements with every payment as required by New York Lab. Law § 195(3).

66. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid minimum wages, compensation for unpaid off-the-clock hours worked including overtime hours, misappropriated gratuities due to the unlawful tip pooling scheme imposed by Defendants, damages for unreasonably delayed

payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of damages to Plaintiff, retroactive to the date of his discharge and prior, for all lost wages and benefits, past and future, back and front pay, resulting from Defendants' unlawful employment practices and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

d. An award of unpaid minimum wages due under the New York Labor Law;

e. An award of unpaid compensation, including overtime compensation, due to Defendants' policy of requiring unpaid off-the-clock work under the New York Labor Law;

f. An award equal to the amount in gratuities misappropriated by Defendants;

g. An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime premium, pursuant to 29 U.S.C. § 216;

i. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage and wages for off-the-clock work including overtime hours, pursuant to the New York Labor Law;

j. An award of unpaid spread of hours premium due under the New York Labor Law;

k. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

l. Designation of Plaintiff as Representatives of the FLSA Collective Plaintiffs;

m. Designation of this action as a class action pursuant to F.R.C.P. 23;

n. Designation of Plaintiff as Representatives of Class; and

o. Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: March 12, 2020

                                  Respectfully submitted,

                                  LEE LITIGATION GROUP, PLLC
                                  C.K. Lee (CL 4086)
                                  Anne Seelig (AS 3976)
                                  148 West 24th Street, 8th Floor
                                  New York, NY 10011
                                  Tel.: 212-465-1188
                                  Fax: 212-465-1181
                                  *Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

By: */s/ C.K. Lee*
      C.K. Lee (CL 4086)